UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAMON PATTERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. ANDERSON, et al.,<br><br>　　　　Defendant. | 1:25-cv-00602-JLT-HBK (PC)<br><br>ORDER TO SHOW CAUSE<br><br>JULY 18, 2025 DEADLINE |

　　　Plaintiff—a prisoner—initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 that was docketed on May 21, 2025. (Doc. No. 1). In this certified Complaint dated and signed "under penalty of perjury" on May 18, 2025, Plaintiff asserts he has filed no other lawsuits while a prisoner. (Doc. No. 1 at 2, 6).

　　　The Court takes judicial notice[1] of its records which reveal that Plaintiff has filed the following 12 cases before he filed the instant case: *Patterson v. People of the State of California*, Case No. 2:12-cv-01973-JAM-KJN (E.D. Cal); *Patterson v. People of the State of California*, Case No. 2:14-cv-00263-DMR-AGR (C.D. Cal)[2]; *Patterson v. United States of America*, 2:14-cv-01992-JAM-CMK (E.D. Cal)[3]; *Patterson v. People of the State of California*, Case No. 2:14-cv-02262-TLN-AC (E.D. Cal); *Patterson v. People of the State of California*, Case No. 2:14-cv-

---

[1] Pursuant to Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

[2] This case was originally filed in the Eastern District at Case No. 2:12-cv-02646-KJN and was transferred to the Central District.

[3] Plaintiff voluntarily dismissed this case under Federal Rule of Civil Procedure 41.

1

02349-MCE-CKD (E.D. Cal); *Patterson v. Ganz, et al.,* Case No. 2:15-cv-01784-GEB-EFB (E.D. Cal); *Patterson v. City of Vallejo California, et al.,* Case No. 2:16-cv-00595-GEB-CKD (E.D. Cal); *Patterson v. Zewert,* Case No. 3:17-cv-06914-RS (N.D. Cal)[4]; *Patterson v. Spearman, et al.,* Case No. 2:18-cv-00222-TLN-CKD (E.D. Cal); *Patterson v. Forbes,* Case No. 2:18-cv-02588-WBS-DMC (E.D. Cal); *Patterson v. Howard, et al.,* Case No. 1:20-cv-00751-DAD-SAB (E.D. Cal); and *Patterson v. California Dep't of Corrections and Rehabilitation, et al.,* Case No. 1:22-cv-00138-JLT-BAM (E.D. Cal).  Therefore, it appears Plaintiff's representation, under penalty of perjury, that he has filed <u>no</u> prior lawsuits while a prisoner is not correct.  Plaintiff is advised, although he may be proceeding *pro se*, he is nevertheless governed by the Federal Rules of Civil Procedure, including Rule 11.

Under Rule 11, the person who signs, files, submits, or later advocates any paper to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *inter alia*, the paper "is not being presented for any improper purpose," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3).  The Court may sanction persons who violate Rule 11 and may exercise its inherent authority to respond to a party's bad faith conduct.  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (Rule 11 sanctions may be imposed against *pro se* litigant); *Walker v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (same).

Fraud on the court is an example of bad faith conduct meriting sanctions under the court's inherent authority.  *Chambers v. NASCO, Inc*., 501 U.S. 32, 54 (1991) (affirming sanctions against plaintiff "for the fraud he perpetrated on the court").  Courts find a complaint "malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted). This is because "'perjury is among the worst kinds of misconduct' and cuts at the very heart of the mission of the

---

[4] This case was originally filed in the Eastern District at Case No. 2:17-cv-02446-EFB and was transferred to the Central District.

federal courts." *Kennedy v. Huibregtse*, No. 13-C-004, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13, 2015), *aff'd*, 831 F.3d 441 (7th Cir. 2016) (quoting *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014)).

The Court will afford Plaintiff an opportunity to show cause why the district court should not dismiss this case as a sanction for Plaintiff's apparent bad faith conduct under Rule 11 and pursuant to its inherent authority.

Accordingly, it is hereby ORDERED:

1. No later than **July 18, 2025**, Plaintiff shall show cause why the district court should not dismiss this case for Plaintiff providing false statements on the complaint form.
2. If Plaintiff fails to timely respond to this show cause order, the Court will recommend the district court dismiss this case as a sanction for Plaintiff's abuse of the judicial process, which will count as a strike,[5] or for failure to prosecute this case as a sanction under local rule 110.

Dated:   June 20, 2025

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[5] Under § 1915(g), "the three-strikes bar," prisoners who have had on three or more prior occasions a case dismissed as frivolous, malicious, or for failure to state a claim may be barred from proceeding in forma pauperis in future civil actions and required to prepay the filing fee in full. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).