UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAMON PATTERSON<br><br>Plaintiff,<br><br>v.<br><br>J. ANDERSON, *et al*.,<br><br>Defendants. | Case No. 1:25-cv-00602-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION<br><br>14-DAY DEADLINE |

Plaintiff Bryan Patterson is a state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to pay the filing fee or move to proceed *in forma pauperis*, failure to comply with a court order and prosecute this action, and abuse of the judicial process.

**BACKGROUND**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on May 21, 2025. (Doc. No. 1). Plaintiff did not accompany the complaint with the $405.00 filing fee or an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Accordingly, on May 22, 2025, the Court issued an order directing Plaintiff to either submit a completed IFP application or pay the full filing fee within thirty (30) days. (Doc. No. 3). Plaintiff was cautioned that failure to comply with the Court's order could result in dismissal of the action. (*Id*. at 1). As of the date of these findings and recommendations, Plaintiff has not paid the filing fee, filed an

1   IFP application, or requested an extension of time. (*See* docket).

2   Additionally, on June 20, 2025, the Court issued an Order to Show Cause ("OTSC") after taking judicial notice that Plaintiff had initiated at least twelve prior lawsuits, which contradicted Plaintiff's sworn declaration that he had never filed another action while incarcerated. (Doc. No. 6). Plaintiff was ordered to show cause by July 18, 2025, why the action should not be dismissed for misrepresentation and abuse of judicial process under Federal Rule of Civil Procedure 11. Plaintiff has failed to respond to the OTSC and has not otherwise communicated with the Court.

## APPLICABLE LAW AND ANALYSIS

### A. Plaintiff is Required to Pay the Filing Fee

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, a prisoner nevertheless remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court advised Plaintiff that for this case to proceed further, he must pay the $405.00 filing fee or submit an IFP application within 30 days of receiving the May 22, 2025 Order. (*See* Doc. No. 3). Because Plaintiff has failed to either pay the filing fee of $405.00 or submit an IFP application, the undersigned recommends Plaintiff's case be dismissed without prejudice. *See Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) (finding that a district court "will be free to dismiss the complaint" if the filing fee is not paid or application to proceed *in forma pauperis* is not granted); *see also In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se litigant's claim for failure to pay required filing fees).

////

### B. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial*

*Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's June 20, 2025 expressly warned Plaintiff that if he failed to respond to the OTSC that "the Court will recommend the

district court dismiss this case as a sanction for Plaintiff's abuse of the judicial process, which will count as a strike, and/or for failure to prosecute this case as a sanction under Local Rule 110." (Doc. No. 6 at 3, ¶2).  Thus, Plaintiff had adequate warning that dismissal could result from his failure to respond to the OTSC.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, for abuse of the judicial process, and under Fed. R. Civ. P. 41 and Local Rule 110.

### C. Abuse of the Judicial Process

Under Rule 11, the person who signs, files, submits, or later advocates any paper to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *inter alia*, the paper "is not being presented for any improper purpose," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3).  The Court may sanction persons who violate Rule 11 and may exercise its inherent authority to respond to a party's bad faith conduct. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (Rule 11 sanctions may be imposed against pro se litigant); Walker v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (same). Fraud on the court is an example of bad faith conduct meriting sanctions under the court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991) (affirming sanctions against plaintiff "for the fraud he perpetrated on the court"). Courts find a complaint "malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." *Allen v. Santiago*, No. 22- 11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted).  This is because "'perjury is among the worst kinds of misconduct' and cuts at the very heart of the mission of the federal courts." *Kennedy v. Huibregtse*, No. 13-C-004, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13, 2015), *aff'd*, 831 F.3d 441 (7th Cir. 2016) (quoting *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014)).  The Court afforded Plaintiff an opportunity to show cause why the district court should not dismiss this case as a sanction for Plaintiff's apparent bad faith conduct under Rule 11 and pursuant to its inherent authority.

1   Plaintiff has not responded to the OTSC. Thus, this Court has inherent authority to dismiss this
2   action as an abuse of the judicial process, which qualifies as a strike under the PLRA.
3       Accordingly, it is **RECOMMENDED**:
4   This action be DISMISSED without prejudice for the above stated reasons.

## NOTICE

6   These Findings and Recommendations will be submitted to the United States District
7   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
8   **of the date of service** of these Findings and Recommendations, Plaintiff may file written
9   objections with the Court. The document should be captioned, "Objections to Magistrate Judge's
10  Findings and Recommendations." Plaintiff's failure to file objections within the specified time
11  may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.
12  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE