UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAMON PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. ANDERSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:25-cv-0602 JLT HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 7) |

Bryan Damon Patterson asserts he suffered violations of his civil rights while incarcerated at Kern Valley State Prison and filed a complaint pursuant to 42 U.S.C. § 1983 on May 21, 2025. (Doc. 1.) For the reasons set forth below, the Court finds Plaintiff misrepresented his litigation history to the Court when filing his complaint, and is not entitled to proceed with this action. Therefore, the action is **DISMISSED** without prejudice.

**I.　　Background**

At that time Plaintiff filed his complaint, he failed to pay the Court's filing fee. The following day, the Court ordered Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee in full. (Doc. 3.) Plaintiff did not respond to the Court's order.

On June 20, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed. (Doc. 6.) The Court observed that in the complaint, Plaintiff indicted—under penalty of perjury—that "he has filed no other lawsuits while a prisoner." (*Id.* at 1, citing Doc. 1 at 2, 6.)

1

However, the Court took judicial notice of its records and found Plaintiff filed at least 12 cases before filing the instant matter. (*Id.* at 1-2.) The Court found "Plaintiff's representation, under penalty of perjury, that he has filed no prior lawsuits while a prisoner is not correct." (*Id.* at 2, emphasis in original.) The Court observed that despite Plaintiff's *pro se* status, he is subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, which permits sanctions for bad faith conduct, including fraud on the court. (*Id.*) The Court ordered Plaintiff to "show cause why the district court should not dismiss this case for Plaintiff providing false statements on the complaint form." (*Id.* at 3.) The Court warned Plaintiff that failure to respond would result in a recommendation that the Corut "dismiss this case as a sanction for Plaintiff's abuse of the judicial process, which will count as a strike,[] or for failure to prosecute this case as a sanction." (*Id.*) Again, Plaintiff did not respond to the Court.

**II.     Findings and Recommendations**

After Plaintiff did not respond to the Court's order to show cause, the magistrate judge issued Findings and Recommendations, recommending dismissal of the action. (Doc. 7.) The magistrate judge observed that Plaintiff neither paid the filing fee nor filed an IFP application. (*Id.* at 2.) The magistrate judge found dismissal was appropriate after considering the factors identified by the Ninth Circuit. (*Id.* at 3-4.) The magistrate judge also found Plaintiff violated Rule 11 and committed fraud on the Court. (*Id.* at 5.) Therefore, the magistrate judge recommended the Court "dismiss this action as an abuse of the judicial process, which qualifies as a strike under the PLRA." (*Id.* at 6.)

**III.    Objections**

Plaintiff submitted timely objections to the Findings and Recommendations. (Doc. 8.) He asserts that he "never received the Court order [to pay the filing fee] and therefore was never cautioned that failure to comply with this order could result in dismissal." (*Id.* at 2.) Plaintiff contends that he also did not receive the Court's order to show cause "and was unaware of the threat of dismissal for misrepresentation and abuse of judicial process…." (*Id.*) Therefore, Plaintiff requests the Court consider his response to the identified issues. (*Id.*)

Plaintiff argues that "it would be improper to dismiss the action the action for failure to prosecute, or for failing to comply with a Court order" because he did not receive the identified orders.

(Doc. 8 at 4.) Plaintiff contends that he "is allowed proper time and notice to file *in forma pauperis* application." (*Id.* at 3.) He asserts that he "has since file[d] an application," then the Court should "afford him a hearing on the IFP application before it considers dismissal of the action." (*Id.*) Furthermore, Plaintiff argues there was "no abuse of the judicial process." (*Id.* at 4.) Plaintiff acknowledges that he "initially stated that there was no prior civil cases filed while incarcerated," and he "will hereby admit that this statement is a misrepresentation of his past litigation history." (*Id.*) He maintains "his actions were not bad faith conduct or a fraud on the Court." (*Id.*) According to Plaintiff, "none of his prior civil actions resulted in a dismissal which qualifies as a strike under the PLRA[,] which supports Plaintiff's claim of immateriality." (*Id.* at 5.) Therefore, Plaintiff asserts "the Court must reject the magistrate's recommendation to dismiss the action due most specifically to the absence of any risk of prejudice to defendants." (*Id.*.)

## IV. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A *de novo* review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A. Misrepresentation to the Court

Under the Federal Rules of Civil Procedure, it is within the court's discretion to impose sanctions when a party makes false representations to the Court. Specifically, Rule 11 provides: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any … party that violated the rule …." Fed. R. Civ. P. 11(c)(1) (emphasis added). Although Plaintiff asserts that he did not receive the original order to show cause, he now has received notice and responded to the findings in his objections.

Plaintiff admits in his objections that he failed to disclose his litigation history in his complaint. Instead, Plaintiff informed the Court that he had not filed any other lawsuits while a prisoner, and "declare[d] under penalty of perjury that the foregoing [was] true and correct." (Doc. 1 at 2, 7.) Plaintiff now contends the "failure to report his prior case histories should not be a means to justify

3

dismissal of this action simply because the information requested is immaterial to the present case, and does not prejudice Defendants in any way." (Doc. 8 at 4-5.)

The Court finds Plaintiff's argument is unpersuasive, particularly due Plaintiff's experience with litigation in the federal court. The Court's review of Plaintiff's litigation history — including the 12 actions for which judicial notice was previously taken — shows he regularly requests to proceed *in forma pauperis*. Consequently, Plaintiff is well-aware that the Court must consider his litigation history to determine whether Plaintiff is subject to the three-strikes provision of 28 U.S.C. 1915(e). The misrepresentation regarding Plaintiff's litigation history misrepresentation is material and undermines the integrity of the judicial process, regardless of the claims raised in the complaint. Moreover, as discussed below, the undisclosed litigation history shows Plaintiff is, in fact, subject to the three-strikes provision of Section 1915(e).

Plaintiff's misrepresentation regarding his litigation history also qualifies as fraud on the Court. *See, e.g., Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court). Thus, the action is subject to dismissal for this misrepresentation. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 348 (9th Cir. 1995) (dismissal is proper when a party "engaged deliberately in deceptive practices that undermine the integrity of judicial proceeding" *or* "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice"); *see also Hood v. Tompkins*, 197 Fed. Appx. 818, 819 (11th Cir. 2006) (dismissal was an appropriate sanction for a prisoner plaintiff providing false answers regarding his prior lawsuits a complaint form— despite the plaintiff's admission to the false information in his objections to the magistrate judge's recommendations —because permitting the plaintiff to continue would "overlook his abuse of the judicial process").

Finally, as the magistrate judge observed, a complaint may be found "malicious" within the meaning of Section 1915(e) "when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." (Doc. 7 at 5, quoting *Allen v. Santiago*, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) [citation omitted].) Plaintiff fails to identify any factual or legal error by the magistrate judge in his objections. The Court

4

concludes the findings of the magistrate judge related to Plaintiff's misrepresentation of his litigation history and appropriate sanctions are supported by the record and proper analysis.

### B.     Proceeding *in forma pauperis* in this action

In the objections, Plaintiff asserts that the action should not be dismissed for failure to pay the filing fee since he "has since filed an IFP application" and he is entitled to proceed IFP because "none of his prior civil actions resulted in a dismissal which qualifies as a strike under the PLRA…." (Doc. 8 at 2, 5.) The proof of service also indicates that it is for an "application to proceed in forma pauperis [with] certified statement & objections to magistrate's F&R's." (*Id.* at 6.) However, an application to proceed IFP was not included with Plaintiff's objections.

Even if the Court received the application, Plaintiff would not be entitled to proceed IFP. Proceeding IFP "is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *see also Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right"). Whether a prisoner plaintiff is able to proceed IFP is governed by 28 U.S.C. § 1915(g), which provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

To determine whether a dismissal counts as a "strike," the Court "looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

A review of Plaintiff's litigation history establishes that Plaintiff has at least four dismissals for failure to state a claim, which each qualify as strikes, prior to filing this action:[1]

    1.     *Patterson v. State of California*, C.D. Cal. Case No. 2:14-cv-00263-DMG-AGR (civil rights action screened by the magistrate judge, who found Plaintiff failed to state

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981). Accordingly, the Court takes judicial notice of the orders issued in the identified actions.

any cognizable claims and recommended dismissal with prejudice to the Court, which accepted the recommendation and dismissed the action on September 26, 2014).

2. *Patterson v. People of the State of California*, E.D. Cal. Case No. 2:14-cv-02349-MCE-CKD (the magistrate judge screened Plaintiff's civil rights complaint and recommended dismissal "for failure to state a claim upon which relief can be granted" and the recommendation was "adopted in full" on April 16, 2015).

3. *Patterson v. City of Vallejo California,* E.D. Cal. Case No. 2:16-cv-00595-GEB-CKD (dismissed without prejudice on September 22, 2016, after the magistrate judge screened the complaint and found Plaintiff failed to state a cognizable claim).

4. *Patterson v. Cal. Dep't of Corr. and Rehab.*, E.D. Cal. Case No. 1:22-cv-00138-JLT-BAM (dismissing Plaintiff's claims under federal law with prejudice for failure to state a claim on August 31, 2022).

Because Plaintiff had at least three "strikes" before filing this action, he is precluded from proceeding IFP unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). In addition, "to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Plaintiff's allegations in the complaint concern a rules violation report and disciplinary proceedings. (*See generally* Doc. 1.) There are no allegations supporting a conclusion that Plaintiff was in imminent danger of serious physical injury. For this reason as well, the action is subject to dismissal without prejudice. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) (finding the district court "properly dismissed" a prisoner's civil rights action after finding the plaintiff was not entitled to proceed *in forma pauperis* under Section 1915(e)).

**V.     Conclusion and Order**

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter—including Plaintiff's objections and his response to the order to

show cause contained therein—the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 30, 2025 (Doc. 7) are **ADOPTED** in full.
2. The action is **DISMISSED** without prejudice for: (1) Plaintiff's abuse of the judicial process and (2) failure to pay the Court's filing fee.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 1, 2025**

UNITED STATES DISTRICT JUDGE